# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

### (Western Division)

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING PENSION TRUST FUND, SOUTHERN CALIFORNIA FLOOR COVERING HEALTH AND WELFARE TRUST FUND, SOUTHERN CALIFORNIA FLOOR COVERING APPRENTICESHIP AND TRAINING TRUST FUND, SOUTHERN CALIFORNIA FLOOR COVERING VACATION AND HOLIDAY TRUST FUND, CONTRACT ADMINISTRATION TRUST FUND, and THE PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION FUND, and RESILIENT FLOOR AND DECORATIVE COVERING LOCAL UNION NO. 1247,<br>　　　　　　　　Plaintiffs,<br>v.<br>EZRA SAMPSON ORTEGA, an individual, and doing business as THE GENERAL FLOOR PREP & INSTALLATION COMPANY, a partnership; and THE GENERAL FLOOR PREP & INSTALLATION COMPANY, a partnership, DOES 1 through 10, inclusive,<br>　　　　　　　　Defendants.<br><br>And related consolidated case. | CASE NO. CV-12-09106 DSF(AJWx)<br>[Consolidated with related case no. CV13-01545 DSF(AJWx)]<br><br>**JUDGMENT** |

1    On July 16, 2013, the Court, in its discretion, found this case proper for
2 decision without oral argument.
3    It appearing that defendants, EZRA SAMPSON ORTEGA, an individual
4 and doing business as THE GENERAL FLOOR PREP & INSTALLATION
5 COMPANY, a partnership, and THE GENERAL FLOOR PREP &
6 INSTALLATION COMPANY, having been regularly served with process, and
7 having failed to plead or otherwise defend this action and default having been
8 entered; on application of the Board of Trustees Boards of Trustees of the Southern
9 California Floor Covering Pension Trust Fund, Southern California Floor Covering
10 Health and Welfare Trust Fund, Southern California Floor Covering
11 Apprenticeship and Training Trust Fund, Southern California Floor Covering
12 Vacation and Holiday Trust Fund; Contract Administration Trust Fund; Painters
13 and Allied Trades Labor Management Cooperation Fund (collectively, "Trust
14 Funds"), and the Resilient Floor and Decorative Floor Covering Local Union No.
15 1247 ( "Union")  (collectively, "Plaintiffs" or "PLAINTIFFS") to the Court and
16 after having considered the papers submitted in support thereof, and good cause
17 appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that PLAINTIFFS have judgment in the total amount of $117,515.14, as follows:**

AS TO PLAINTIFFS' FIRST AND SECOND CLAIMS FOR RELIEF FOR BREACH OF CONTRACT AND VIOLATION OF ERISA AGAINST EZRA SAMPSON ORTEGA, an individual, and doing business as THE GENERAL FLOOR PREP & INSTALLATION COMPANY, a partnership; and THE GENERAL FLOOR PREP & INSTALLATION COMPANY, a partnership (collectively, "DEFENDANT") (CASE NO. CV-12-09106 DSF(AJWx)):

1.   Unpaid fringe benefit contributions ........................................ $34,707.43
2.   Liquidated Damages ............................................................... $44,050.63

1

3. Interest Accrued through July 22, 2013 .................................. $9,029.08

4. Attorney Fees ........................................................................ $29,728.00

**GRAND TOTAL................................................................................ $117,515.14**

5. Plus costs of suit, which shall not include amounts for electronic research, to be determined after entry of judgment.

6. Pursuant to 28 U.S.C. §1961(a), this judgment shall bear interest at the rate of 0.11 % per annum.

<u>AS TO PLAINTIFFS' THIRD CLAIM FOR RELIEF FOR DEFALCATION OF FIDUCIARY FOR THE MISAPPROPRIATION OF VACATION FUNDS HELD IN FIDUCIARY CAPACITY AGAINST EZRA SAMPSON ORTEGA, individually, (CASE NO. CV-12-09106 DSF(AJWx))</u>:

1. Unpaid vacation fund contributions ......................................... $6,036.37

2. Interest through 7/22/13 ............................................................. $212.80

**GRAND TOTAL  ............................................................................. $6,249.17**

3. Pursuant to 28 U.S.C. §1961(a), this judgment shall bear interest at the rate of 0.11 % per annum.

<u>AS TO PLAINTIFFS' FOURTH CLAIM FOR RELIEF FOR AN ACCOUNTING AGAINST EZRA SAMPSON ORTEGA, an individual, and doing business as THE GENERAL FLOOR PREP & INSTALLATION COMPANY, a partnership; and THE GENERAL FLOOR PREP & INSTALLATION COMPANY, a partnership (collectively, "DEFENDANT") (CASE NO. CV-12-09106 DSF(AJWx))</u>:

DEFENDANT shall, within two (2) weeks after entry of judgment, provide Plaintiffs with an accounting for the months of October 2012 to date, which shall include the following information for each employee performing work covered by the Master Labor Agreement:

|    |    |
|----|----|
| 1  | (i) Name of each employee; |
| 2  | (ii) Social security numbers of each employee; |
| 3  | (iii) Hours compensated each employee; and |
| 4  | (iv) Fringe benefit contributions due for each employee. |

AS TO PLAINTIFFS' FIFTH CLAIM FOR RELIEF FOR INJUNCTIVE RELIEF AGAINST EZRA SAMPSON ORTEGA, an individual, and doing business as THE GENERAL FLOOR PREP & INSTALLATION COMPANY, a partnership; and THE GENERAL FLOOR PREP & INSTALLATION COMPANY, a partnership (collectively, "DEFENDANT") (CASE NO. CV-12-09106 DSF(AJWx)

PLAINTIFFS' FIFTH CLAIM FOR RELIEF IS DENIED WITHOUT PREJUDICE

AS TO PLAINTIFFS' FIRST AND SECOND CLAIMS FOR RELIEF FOR SPECIFIC PERFORMANCE FOR AUDI T AND FOR VIOLATION OF ERISA AGAINST EZRA SAMPSON ORTEGA, an individual, and doing business as THE GENERAL FLOOR PREP & INSTALLATION COMPANY, a partnership; and THE GENERAL FLOOR PREP & INSTALLATION COMPANY, a partnership (collectively, "DEFENDANT") (CASE NO. CV13-01545 DSF(AJWx)):

1. DEFENDANT IS HEREBY ORDERED to do the following within two (2) weeks after entry of judgment:

A. Make available to the Board of Trustees and the Trust Funds by and through their auditors, all of the books and records concerning the classification of the employees of DEFENDANT, their names, social security numbers, the amount of wages paid to each, and the hours worked, including, but not limited to payroll records, individual payroll ledgers, DE3s, DE6s, general check disbursement records, canceled checks, check stub register, weekly time

3

cards or time tickets, federal income tax returns, California state quarterly tax payroll returns, Forms 1099 and 1096, W-2s, W-3s and W-4s, all employee earnings records, general ledgers, cash receipts, and cash disbursement journals, workers' compensation reports, material invoices, copies of all construction contracts and subcontracts awarded, copies of all certified payroll records, copies of all bonds covering the work, including but not limited to payment and performance bonds, and copies of any and all other books and records necessary to determine the full amount of contributions owed to the Trust Funds for the period of April 1, 2009 to the present date; and

        B.    Afford to the Trust Funds and their authorized representatives both ample time and opportunity to examine all of Defendants' materials specified above, without harassment, at such time and at such place as shall be convenient to the authorized representative of the Trust Funds.

    2.    In the event that DEFENDANT cannot produce all of the records which the Trust Funds are required to examine, DEFENDANT shall, within thirty (30) days after entry of judgment for this case:

        A.    Apply to the Federal and State agencies with which DEFENDANT previously filed periodic reports pertaining to employees for copies of the reports to them for all of the periods for which DEFENDANT cannot produce records; and

        B.    Subsequently make available to the Trust Funds all such copies of DEFENDANT'S periodic reports to the federal and state agencies under the conditions set forth in 1(B) above.

Dated: 8/6/13

*/s/ Dale S. Fischer*
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE
CENTRAL DISTRICT OF CALIFORNIA

4